<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-2195**

RACHEL LYNN PERRY,

        Plaintiff – Appellant,

    v.

COMPUTER SCIENCES CORPORATION,

        Defendant– Appellee.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Anthony John Trenga, District Judge.  (1:10-cv-00175-AJT-IDD)

Submitted: April 26, 2011          Decided: May 9, 2011

Before DAVIS and WYNN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Leizer Z. Goldsmith, THE GOLDSMITH LAW FIRM, LLC, Washington, D.C., for Appellant.  Tyler A. Brown, JACKSON LEWIS, LLP, Reston, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rachel Lynn Perry appeals the district court's order granting summary judgment in favor of Computer Sciences Corporation ("CSC") on Perry's employment discrimination and retaliation claims. On appeal, Perry argues that the district court erred when it found no genuine issue of material fact in regards to her claims that CSC (1) chose not to promote her in 2008 based on her disability and in retaliation for internal discrimination complaints she filed, in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C.A. §§ 12101-12213 (West 2005 & Supp. 2010), and the Rehabilitation Act of 1973, as amended, 29 U.S.C.A. § 701-7961 (West 2008 & Supp. 2010); (2) terminated her based on her disability and in retaliation for internal discrimination complaints she filed, in violation of the ADA and the Rehabilitation Act; and (3) terminated her in violation of the Family Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. §§ 2601-2654 (2006).

Disability discrimination and retaliation claims under the ADA and Rehabilitation Act are evaluated under the McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973), "pretext" framework.[*] See Laber v. Harvey, 438 F.3d 404, 432 (4th Cir.

---

[*] We employ the same substantive standards for determining liability under the ADA and the Rehabilitation Act. See 29
(Continued)

2

2006); <u>Ennis v. Nat'l Ass'n of Bus. & Educ. Radio</u>, 53 F.3d 55, 57-58 (4th Cir. 1995). Under the burden-shifting scheme, the plaintiff has the initial burden of establishing a prima facie case of discrimination. <u>McDonnell Douglas</u>, 411 U.S. at 802. To establish a prima facie case of disability discrimination under either Act, a plaintiff must show that: (1) she is disabled; (2) she was otherwise qualified for the position; and (3) she suffered an adverse employment action solely on the basis of the disability. <u>Constantine v. Rectors & Visitors of George Mason Univ.</u>, 411 F.3d 474, 498 (4th Cir. 2005). To establish a prima facie case of retaliation under either Act, a plaintiff must show that: (1) she has engaged in protected conduct; (2) "she suffered an adverse action subsequent to engaging in the protected conduct"; and (3) "there was a causal link between the protected activity and the adverse action." <u>Laber</u>, 438 F.3d at 432.

If the plaintiff is successful in establishing a prima facie case, the burden shifts to the defendant to provide a legitimate, nondiscriminatory reason for its action. <u>Id.</u> If the defendant provides evidence of a nondiscriminatory reason for its action, the plaintiff, who bears the ultimate burden of

---

U.S.C.A. § 794(d) (West 2008); <u>Myers v. Hose</u>, 50 F.3d 278, 281 (4th Cir. 1995).

persuasion, must show by a preponderance of the evidence that the proffered reason was a pretext for discrimination or retaliation. See Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 146-48 (2000); Laber, 438 F.3d at 432.

Perry failed to prove a prima facie case of discrimination with regard to CSC's failure to promote her because she could not show that she was qualified, as she lacked the global experience required by the position. Additionally, even assuming Perry could establish a prima facie case of retaliation, CSC met its burden of establishing a legitimate nondiscriminatory reason for not promoting her, as the position she held at the time was limited to the company's United States operations and Perry lacked experience with its global activities. Because Perry did not meet her burden of establishing that CSC's stated reason is pretextual, we hold that the district court properly granted summary judgment in favor of CSC on this claim.

Perry's termination claims did not survive summary judgment because, as the district court held, CSC had legitimate, nondiscriminatory reasons for her termination, as it underwent a departmental reorganization and Perry was not available to meet its personnel needs. In the face of CSC's evidence that it reorganized to maximize efficiency and did so by eliminating Perry's position in favor of more highly skilled

4

positions, Perry could not satisfy her burden to show that the reorganization was pretextual. See E.E.O.C. v. Clay Printing Co., 955 F.2d 936, 942 (4th Cir. 1992). Accordingly, we hold that the district court did not err in granting summary judgment on Perry's termination claims.

Finally, Perry contends that the district court erred when it held that Perry's termination did not violate the FMLA because, she argues, it did so in retaliation for her taking FMLA leave. It is unlawful for an employer "to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under [the FMLA]." 29 U.S.C. § 2615(a)(1) (2006). Under the FMLA, during any twelve-month period, an employee is entitled to a total of twelve work weeks' leave for a serious health condition that makes the employee unable to perform her job. 29 U.S.C. § 2612(a)(1)(D) (2006).

The FMLA also prohibits an employer from discriminating against an employee for asserting rights under the Act. 29 U.S.C. § 2165(a)(2) (2006). Thus, an employer may not consider an employee's use of FMLA leave as a negative factor when making an employment decision affecting the employee. FMLA retaliation claims are evaluated under the McDonnell Douglas burden-shifting framework. To establish a prima facie case of FMLA retaliation, a plaintiff must show "that [she] engaged in protected activity, that the employer

5

took adverse action against [her], and that the adverse action was causally connected to the plaintiff's protected activity." Yashenko v. Harrah's N.C. Casino Co., LLC, 446 F.3d 541, 551 (4th Cir. 2006) (quoting Cline v. Wal-Mart Stores, Inc., 144 F.3d 294, 301 (4th Cir. 1998)).

Although Perry satisfies the first and second prong of the prima facie case, she has not produced any evidence showing a causal connection between her FMLA leave and her termination. Thus, we hold that the district court properly granted summary judgment in favor of CSC on Perry's FMLA retaliation claim.

For the foregoing reasons, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED